[Civ. No. 9621.   Third Dist.   Oct. 26, 1959.]

GEORGENA MAE KISSINGER, Respondent, v. KENNETH KISSINGER, Appellant.

Hale Meader for Appellant.

Jerome R. Waldie for Respondent.

SCHOTTKY, J.—This is an appeal from an order modifying a final decree of divorce by changing the custody of William, the minor child of the marriage, from the father to the mother.

Kenneth Kissinger, appellant herein, was granted an interlocutory decree of divorce from his wife Georgena Mae Kissinger on January 25, 1954. The care, custody, and control of the couple's son William, a boy about 2½ years of age at the time of the interlocutory decree, was awarded to the father. A final decree of divorce was entered on March 24, 1955, and the provision of the interlocutory decree as to the custody of the child was incorporated in the final decree.

In April, 1958, respondent mother commenced proceedings to obtain an order modifying the custody provision of the divorce decrees and giving her the custody of the child. Following a hearing at which the respondent and appellant, their present spouses, and the paternal grandparents of the parties' minor child all testified, the court made its order modifying the interlocutory and final decrees herein by granting the custody of the minor child to the respondent with reasonable right of visitation in the appellant.

It appears from the record that respondent wife has been remarried for several years and has a child by said second marriage; that she now has a good home; that her present husband is desirous of having the child in the family; and that they are financially able to provide for the child. It also appears that appellant husband had his mother care for the child for a year and a half after the interlocutory decree was granted and that appellant then placed the child in another home until his remarriage in 1957. There was evidence that the stepmother and appellant were very strict with the child and that this made the child nervous. There was also evidence that the child was being taken to a psychologist for treatment in connection with problems of stuttering and bed wetting. Appellant's mother, the grandmother of the child, testified that appellant and his wife were too strict with the child and that the wife struck the boy. She also testified that while the child was in her care he had no trouble with bed wetting or stuttering or any need for a psychologist.

The trial court concluded that there had been a change of circumstances since the entry of the interlocutory and final decrees of divorce and that it was for the best interests of the child that his custody be awarded the mother.

The law is well settled that in awarding or changing the custody of a minor child the court is to be guided by what appears to be the best interests of the child in respect to its temporal and mental and moral welfare, and that as between parents adversely claiming the custody, neither par-

ent is entitled to it as a matter of right, but other things being equal, if the child is of tender years, it should be given to the mother. (Civ. Code, § 138.) ■ Appellant attacks the order of modification upon the ground that the court abused its discretion, but there is no merit whatever in this contention because there was ample evidence in the record to support the court's determination that there had been a change in circumstances affecting the welfare of the child and that it was for the best interests of the child that his custody be awarded to respondent mother.

The order is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.